Defendant-appellant Celissa Rogers appeals from the judgment of the Hamilton County Court of Common Pleas in which she was convicted of involuntary manslaughter following a trial to the jury. Rogers was sentenced to serve nine years in the Ohio Reformatory for Women. Rogers advances two assignments of error in support of this timely appeal. Because we find neither assignment to have merit, we affirm the judgment of the court below.
Taking the second assignment of error first, we must determine whether sufficient evidence was adduced at trial to support the conviction for involuntary manslaughter. To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1] Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.[2]
In this case, Rogers admitted to stabbing Charles Dailey with a kitchen knife. The stab wound proved to be fatal. Rogers claimed, on one hand, that she had not intended to stab Dailey and that the act of stabbing him and creating a four-inch-deep wound in the right side of his chest was simply an instinctive, reflexive action that occurred because she was afraid that he was going to hit her. Rogers also claimed that she acted in self-defense, since Dailey had already hit her once and she feared that he would hit her again. In any event, she claimed that she had no intention of killing him.
There were many witnesses to the event, and some testified at trial. Their testimony indicated that Rogers was one of several teen-age girls visiting Dailey's girlfriend at her apartment on the evening in question. Dailey also visited the apartment, and then left with a friend to do some shopping. There was some disagreement between Dailey and his girlfriend, who wanted Dailey to clean up after a puppy that he kept at the apartment before he left to go shopping. Dailey told her he would do it when he got back.
While Dailey and a friend were outside of the apartment building and waiting for another friend, the girls in the apartment began throwing pieces of ice and other items at the two, which they claimed was done as a joke or prank. Rogers took a handful of dry puppy food and threw it out the window. This action apparently made Dailey angry, and he yelled up at the girls in the window. His friend yelled that he would punch whoever threw the dog food at them.
Dailey called for his girlfriend to throw the keys to the apartment to him so that he could come back into the building. She did so. As Dailey and his friend ascended the stairs toward the apartment, Rogers took a knife from the kitchen, sat down on the couch in the living room away from the rest of the group, and hid the knife behind her back.
Dailey entered the apartment and soon ascertained that it was Rogers who had thrown the dog food at him. The evidence is undisputed that Dailey then struck Rogers in the head. The witnesses described the hit as a "mugging," a type of cuffing or slapping, not meant to injure Rogers but to "knock some sense into" her head. Rogers indicated that Dailey's assault on her was a violent, injurious punch in her face, and that she feared him.
She then wielded the knife and attempted to get away from Dailey. It was at that moment that Rogers either "reflexively" and accidentally stabbed him, or stabbed him in self-defense because she feared greater bodily injury. Dailey died as a result of the four-inch-deep stab wound, which penetrated his heart, lung and diaphragm.
Involuntary manslaughter is defined by R.C. 2903.04(A), which states that "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." The felony that Rogers was charged with committing was causing or attempting to cause serious physical injury to a person by means of a deadly weapon, in this case, the knife. R.C. 2309.11(A)(2).
We hold that sufficient evidence supported the jury's determination that Rogers was guilty of involuntary manslaughter. She indisputably caused Dailey's death, and the testimony adduced at trial, as well as the nature of the wound inflicted upon Dailey, provides a sufficient factual basis from which the jury could have found that Rogers stabbed Dailey while attempting to cause serious physical harm with a deadly weapon. Therefore, we overrule the second assignment of error.
Rogers also claims that her conviction was against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, conclude that the trier of fact clearly lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice.[3]
We have already summarized the evidence and testimony. After reviewing the entire record, we hold that the jury, in resolving the conflicts in the evidence, did not lose its way and create a manifest miscarriage of justice so as to require a new trial.[4] Based on the testimony of the eyewitnesses, the fact that Rogers armed herself with the knife and then concealed it, and the nature of the stab wound, a reasonable trier of fact could have found that Rogers had attempted to cause serious physical harm to Dailey with a deadly weapon, and that her attempt caused his death.
Based on our review of the evidence, we hold that the jury's rejection of Rogers's claim of self-defense was not against the manifest weight of the evidence. The eyewitness testimony provided a basis for rejecting Rogers's claim that she felt in imminent danger of death or great bodily harm and that the force she used was reasonable under the circumstances.
Rogers's first and second assignments of error are overruled, and the judgment of the court of common pleas is affirmed. And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
DOAN, P.J., HILDEBRANDT and M.B. BETTMAN, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 8, 1999 per order of the Court ____________________. Presiding Judge
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[3] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720, cited with approval in State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.
[4] See Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211.